IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
AUG 2 4 2006

MICHAEL N. MILBY, CLERK OF COURT

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| TH HEALTHCARE, LTD., d/b/a PARK PLAZA HOSPITAL | § § § § | H-06-2737 |
| Defendant. | § § | JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Dana Hayes and others -- including Roderick L. Baines, Annette Hill, Lillian "Renee" Howard, Anne Louise Maurer, Maxine Marion Wigley, and Kathleen Louise Wilson -- who were adversely affected by Defendant TH Healthcare, Ltd.'s, unlawful practices. As alleged with greater particularity in paragraphs 9 - 16 below, TH Healthcare, Ltd. ("Tenet"), d/b/a Park Plaza Hospital, unlawfully discriminated against Ms. Hays and other workers with mental retardation by causing their terminations as contract workers at the hospital, thereby unlawfully interfering with their exercise and enjoyment of rights guaranteed by the ADA, and then refusing to hire them on Defendant's payroll because of their disabilities.

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1

1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to § 102 of the Civil Rights of Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  Defendant TH Healthcare, Ltd. ("Tenet"), formerly known as Tenet Healthcare, Ltd., is a limited partnership registered in Texas. At all relevant times, Tenet has been doing business in the State of Texas and the city of Houston, and has continuously had at least 15 employees. Tenet may be served by serving its registered agent for service of process, C.T. Corporation System, 350 North St. Paul St., Dallas, Texas, 75201.

5.  At all relevant times, Defendant Tenet has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g)

and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Tenet has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Dana Marie Hayes filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Tenet. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least June 2004, Defendant Tenet has engaged in unlawful employment practices at Park Plaza Hospital in Houston, Texas, in violation of Sections 101 et. seq. of Title I of the ADA, 42 U.S.C. § 12101 et seq.

9. Park Plaza Hospital and C.R.I. Commercial Services were parties to a Services Agreement contact for C.R.I. Commercial to provide patient transportation services, i.e., "patient transporters" or "patient escorts," for the hospital. CRI Commercial was affiliated with the Center for the Retarded, Inc. ("CRI"). Nearly half of the contract workers who staffed the patient transporter positions had been diagnosed with mental retardation or other developmental disabilities.

10. Effective June 1, 2004, the contract between C.R.I. Commercial and Park Plaza Hospital was renewed for an additional term of one year.

11. In early June 2004, Park Plaza's contract liaison Matthew Daniel asked CRI how long it would take if CRI had to replace its "special people." Eva Aguirre, the Director of CRI's Adult Training and Employment Services (the parent of C.R.I. Commercial) asked Daniel if his use of the word "special" referred to the CRI workers with disabilities. Daniel responded affirmatively. Aguirre informed Daniel of her opinion that his implied request for CRI to terminate its disabled

employees was illegal and against CRI's mission.

12. By letter dated June 28, 2004, President and Chief Executive Officer Lex A. Guinn advised C.R.I. Commercial's Executive Director that Defendant was cancelling the Services Agreement, and that the cancellation would be effective August 1, 2004. Guinn advised in that letter of Defendant's decision to "bring the Transportation Service inhouse and not outsource it to anther [sic] entity."

13. Guinn also indicated that although Defendant was giving 30 days' notice of the contract's cancellation pursuant to the terms of the agreement, Defendant would be "most agreeable and adaptable to" CRI's removing its contract workers prior to August 1.

14. Further, Daniel requested that Aguirre schedule the disabled workers to be off from July 27-29, 2004, when the Joint Accreditation Committee was expected to audit the hospital. Daniel reasoned that the hospital administrator did not want to risk any of the disabled workers saying anything "wrong" to an auditor.

15. When Defendant later hired the patient transporters "in-house," Defendant hired almost all the non-disabled workers who had been contract workers through C.R.I. Commercial. Defendant did not offer jobs to any of the developmentally disabled people who had been contract workers prior to Defendant's cancellation of the Services Agreement.

16. Tenet violated the ADA by causing the terminations of qualified individuals with disabilities, including Dana M. Hays, and by unlawfully interfering with their exercise and enjoyment of rights guaranteed by the ADA. Tenet also violated the ADA by failing to hire qualified individuals such as Ms. Hays because of their developmental disabilities.

17. The unlawful employment practices complained of in paragraphs 11-16 above were

intentional.

18. The unlawful employment practices complained of in paragraphs 11-16 above were done with malice or with reckless indifference to the federally protected rights of qualified individuals with disabilities, including Dana Hays, Roderick L. Baines, Annette Hill, Lillian "Renee" Howard, Anne Louise Maurer, Maxine Marion Wigley, and Kathleen Louise Wilson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Tenet, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in failing to accommodate impaired employees and firing them, and any other employment practice which discriminates on the basis of disability.

B. Order Defendant Tenet to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Tenet to make whole the disabled workers it unlawfully caused to lose their jobs, including Dana Hays, Roderick L. Baines, Annette Hill, Lillian "Renee" Howard, Anne Louise Maurer, Maxine Marion Wigley, and Kathleen Louise Wilson, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to their reinstatement.

D. Order Defendant Tenet to make whole the disabled workers it unlawfully failed to hire, including Dana Hays, Roderick L. Baines, Annette Hill, Lillian "Renee" Howard, Anne

Louise Maurer, Maxine Marion Wigley, and Kathleen Louise Wilson, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to their instatement.

E.   Order Defendant Tenet to make whole the disabled workers against whom it unlawfully discriminated -- including Dana Hays, Roderick L. Baines, Annette Hill, Lillian "Renee" Howard, Anne Louise Maurer, Maxine Marion Wigley, and Kathleen Louise Wilson -- by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 9-16 above, including job search expenses and any medical expenses incurred as a result of loss of participation in any employee benefit plan, in amounts to be determined at trial.

F.   Order Defendant Tenet to make whole the disabled workers against whom it unlawfully discriminated -- including Dana Hays, Roderick L. Baines, Annette Hill, Lillian "Renee" Howard, Anne Louise Maurer, Maxine Marion Wigley, and Kathleen Louise Wilson -- by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 9-16 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G.   Order Defendant Tenet to pay punitive damages to Dana Hays, Roderick L. Baines, Annette Hill, Lillian "Renee" Howard, Anne Louise Maurer, Maxine Marion Wigley, Kathleen Louise Wilson, and any other disabled individuals against whom it unlawfully discriminated for Tenet's malicious and reckless conduct, as described in paragraphs 11-16 above, in amounts to be determined at trial.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION

        RONALD S. COOPER
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        1801 L. Street, N.W.
        Washington, D.C. 20507

        _____
        Timothy M. Bowne
        Senior Trial Attorney
        Attorney-in-Charge
        Texas Bar No. 00793371
        Southern Dist. of Texas No. 20023
        Equal Employment Opportunity Commission
        1919 Smith Street, 6th Floor
        Houston, Texas 77002
        (713) 209-3395
        (713) 209-3402 [facsimile]

OF COUNSEL:

Jim Sacher
Regional Attorney

Rose Adewale-Mendes
Supervisory Trial Attorney
Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002